IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT POFFENBARGER and CLAREEN POFFENBARGER, | ) ) ) | CIVIL NO. 12-00172 LEK-KSC |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| HAWAII MANAGEMENT ALLIANCE ASSOCIATION, dba HMAA, a Hawaii Nonprofit Corporation; HAWAII-WESTERN MANAGEMENT GROUP, INC., dba HWMG, a Foreign Profit Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

Before the Court is Plaintiffs Robert Poffenbarger's and Clareen Poffenbarger's ("Plaintiffs") Motion to Remand to State Court ("Motion"), filed on April 27, 2012. Defendants Hawaii Management Alliance Association, doing business as HMAA, a Hawaii Nonprofit Corporation ("HMAA"), and Hawaii-Western Management Group, Inc., doing business as HWMG, a Foreign Profit Corporation ("HWMG", collectively "Defendants"), filed their memorandum in opposition on July 27, 2012, and Plaintiffs filed their reply on August 6, 2012. This matter came on for hearing on August 20, 2012. Appearing on behalf of Plaintiffs was Mark Reck, Esq., and appearing on behalf of Defendants was

Kenneth Mansfield, Esq.  After careful consideration of the

Motion, supporting and opposing memoranda, and the arguments of

counsel, Plaintiffs' Motion is HEREBY DENIED for the reasons set

forth below.

**BACKGROUND**

Plaintiffs filed their Complaint in the instant action

in state court on March 6, 2012.  [Notice of Removal, filed

3/29/12, Exh. A (dkt. no. 1-2) at 5-18.]  According to the

Complaint, on December 1, 2010, Clareen Poffenbarger submitted an

Enrollment Application for healthcare coverage through HMAA.  Her

employer, Jaro Baranik, doing business as La Boheme ("Baranik")

submitted the application to HMAA.  HMAA issued Clareen

Poffenbarger a member identification card for coverage effective

January 1, 2011 pursuant to an employee health and welfare

benefit plan ("the Plan").  Clareen Poffenbarger maintained her

employment and paid her premiums, as required to maintain her

coverage.  [Complaint at ¶¶ 9-14.]

On February 21, 2011, Clareen Poffenbarger was

diagnosed with a brain tumor.  She received treatment at Maui

Memorial Medical Clinic ("MMMC") from February 21, 2011 to

March 6, 2011, Stanford Medical Center ("Stanford") from March 7,

2011 to March 30, 2011, and Santa Clara Valley Medical Center

("SCVMC") from March 30, 2011 to June 1, 2011.  On June 1, 2011,

Clareen Poffenbarger returned home to Maui, where she received

home health care through Hale Makua.  HMAA authorized all of her treatment at MMMC, Stanford, and SCVMC, as well as her treatment through Hale Makua until June 30, 2011.  [Id. at ¶¶ 16-21, 24-27, 29-30.]

During Clareen Poffenbarger's treatment at Stanford, HMAA began a review of her eligibility.  HMAA sent Clareen Poffenbarger a letter dated May 16, 2011 verifying her coverage through June 30, 2011.  [Id. at ¶¶ 22-23.]  On June 3, 2011, HMAA issued her a Certificate of Group Coverage stating that her coverage began on January 1, 2011 and would end on June 30, 2011. [Id. at ¶ 28.]

On June 23, 2011, HMAA issued a letter rescinding Clareen Poffenbarger's coverage effective January 1, 2011. HWMG's Research & Investigation and Subrogation Supervisor signed the letter as HMAA's Third Party Administrator.  Plaintiffs submitted a timely appeal to HMAA on September 2, 2011.  HMAA issued a letter, dated October 19, 2011, upholding the rescission.  HWMG's Customer Service Administrator signed the letter as HMAA's Third Party Administrator.  [Id. at ¶¶ 31-35.]

The Complaint alleges the following claims: insurance bad faith against HMAA ("Count I"); violations of Hawai`i Revised Statutes Chapter 480 by HMAA and HWMG ("Count II"); breach of fiduciary duty by HMAA ("Count III"); breach of contract by HMAA and HWMG ("Count IV"); negligent misrepresentation by HMAA

("Count V"); negligent infliction of emotional distress ("NIED") against HWMG ("Count V");[1] NIED against HMAA ("Count VI"); and a claim based on HMAA's vicarious liability ("Count VII"). The Complaint seeks: general and special damages; treble damages pursuant to Haw. Rev. Stat. § 480-13; punitive damages; fees and costs; and any other legal and/or equitable relief the Court deems appropriate.

Defendants filed their Notice of Removal on March 29, 2012, based on federal question jurisdiction. Defendants assert that Plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

## I. **Motion**

In the instant Motion, Plaintiffs argue that all of their claims arise under state common law or state statutes and that ERISA does not preempt their claims. Plaintiffs argue that, because Defendants unilaterally rescinded the insurance contract, Defendants are estopped from claiming that the case involves an insurance contract subject to ERISA.

In addition, Plaintiffs argue that their claims are exempt from preemption pursuant to 29 U.S.C. § 1144(b)(5) because Clareen Poffenbarger obtained the Plan pursuant to the Hawaii

---

[1] Plaintiffs' Complaint contains two claims identified as Count V.

Prepaid Health Care Act ("HPHCA").[2]  Plaintiffs argue that,
because Clareen Poffenbarger was entitled to the Plan pursuant to
the HPHCA, and this right is the basis of Plaintiffs' action,
ERISA preemption does not apply.

Plaintiffs acknowledge that the Hawai`i Supreme Court
has recognized that the exemption does not apply to all claims
related to employee benefit plans which employers maintain to
comply with the HPHCA.  [Mem. in Supp. of Motion at 9 (citing
Garcia v. Kaiser Found. Hosps., 90 Hawai`i 425, 435, 978 P.2d
863, 873 (1999)).]  Plaintiffs, however, argue that Garcia is
distinguishable because that case involved an action for monetary
damages for the denial of benefits.  Plaintiffs contend that the
issue in their case is whether Clareen Poffenbarger was entitled
to the Plan in the first instance.

Plaintiffs also argue that, even pursuant to Ninth
Circuit case law, ERISA does not preempt their claims.
Plaintiffs argue that the Ninth Circuit uses a "relationship
test" to determine whether ERISA preemption applies.  [Id. at 10
(citing Geweke Ford v. St. Joseph's Omni Preferred Care Inc., 130
F.3d 1355 (9th Cir. 1997)).]  Plaintiffs assert that state laws
which encroach upon relationships that ERISA regulates are
preempted, but ERISA does not preempt claims based upon
relationships in which the plan operates as any other commercial

_____

[2] Hawai`i Revised Statutes Chapter 393 governs the HPHCA.

entity. [Id. at 10-11.] Plaintiffs argue that their claims are based upon contract and tort case law, as well as Chapter 480, and these are laws of general application which do not necessarily affect ERISA relationships. Plaintiffs emphasize that the merits of their claims will not require a determination of the contents, administration, creation, operation, or failure of the Plan.

Finally, Plaintiffs argue that their claims are outside of the scope of 29 U.S.C. § 1132. Plaintiffs are not seeking to recover Clareen Poffenbarger's benefits or rights under the Plan, nor are they seeking an injunction or other equitable relief to redress ERISA violations. Plaintiffs argue that the United States Supreme Court has held that § 1132(a)(3)(B) only authorizes claims for typical equitable relief, not claims that essentially seek compensatory damages. [Id. at 15.] Plaintiffs seek compensatory remedies and therefore ERISA preemption does not apply.

Plaintiffs urge the Court to grant the Motion and remand the case to the state court.

## II. **Memorandum in Opposition**

In their memorandum in opposition, Defendants state that Clareen Poffenbarger did not disclose any conditions or symptoms in her Enrollment Application. [Mem. in Opp., Decl. of Paul Kaiser ("Kaiser Decl."), Exh. A (Clareen Poffenbarger's

Enrollment Application).[3]  HMAA states that, after its

investigation, it rescinded Clareen Poffenbarger's coverage

because she failed to disclose symptoms related to her later

brain tumor diagnosis.  Defendants argue that all of Plaintiffs'

claims arise out of the allegedly wrongful rescission of the

Plan, and ERISA preempts all of Plaintiffs' state law claims.

[Mem. in Opp. at 2-3.]

Defendants argue that, although Plaintiffs have only

pled state law claims, this case is subject to an exception to

the well-pleaded complaint rule because of the ERISA enforcement

scheme.  Defendants argue that the Plan is clearly subject to

ERISA because Clareen Poffenbarger's employer sponsored the Plan,

provided a statement of rights under ERISA, and provided for an

appeals process governed by ERISA.  [Id. at 5-6 (citing Kaiser

Decl., Exh. B (Group Services Agreement between Baranik and

HMAA)).]  Defendants argue that Plaintiffs have not provided any

case law supporting Plaintiffs' argument that the rescission of

Clareen Poffenbarger's Plan renders ERISA inapplicable.  Further,

the right of rescission arises under ERISA where the parties

entered into an insurance contract based on false representations

about health status, and federal courts have asserted

_____

[3] Defendants' unredacted copy of Clareen Poffenbarger's
Enrollment Application attached to the memorandum in opposition
is sealed.  Defendants filed a redacted version on July 27, 2012.
[Dkt. no. 20.]

jurisdiction over claims that the insurer wrongfully rescinded plans issued based on those representations. [Id. at 6-9 (some citations omitted) (citing Sec'y Life Ins. Co. of Am. v. Meyling, 146 F.3d 1184, 1191-93 (9th Cir. 1998) (per curiam); Werdehausen v. Benicorp Ins. Co., 487 F.3d 660, 663 (8th Cir. 2007)).] Defendants note that Werdehausen recognized that retroactive rescission for innocent material non-disclosures was permissible, but is not required, and the insurer is still subject to ERISA's fiduciary obligations. The Eighth Circuit remanded for a determination whether the insurer should have adjusted the premium instead of rescinding the insurance contract. [Id. at 9 (citing Werdehausen, 487 F.3d at 665-67).] Defendants argue that Plaintiffs' claims all arise from the rescission of the Plan, and Plaintiffs are actually seeking the right to recover benefits under the Plan. Thus, their claims are preempted by ERISA.

Defendants next argue that the Supreme Court's complete preemption doctrine applies because Plaintiffs could have brought their claims under ERISA § 502(a)(1)(B). Clareen Poffenbarger was a participant in an ERISA plan, and Plaintiffs' claims arise from an allegedly unlawful rescission and denial of benefits. [Id. at 10-11 (citing Aetna Health, Inc. v. Davila, 542 U.S. 200, 211 (2004)).] Further, all of Plaintiffs' claims relate to an ERISA employee benefit plan, and Plaintiffs seek remedies that are not authorized under ERISA's civil enforcement scheme. [Id.

at 16.] Defendants also argue that the relationship test
Plaintiffs rely upon may not be applicable after <u>Davila</u>. Even if
the relationship test is still applicable, Defendants contend
that <u>Geweke</u> is distinguishable on its facts. [<u>Id.</u> at 16 n.3.]

Defendants argue that each of Plaintiffs' claims either
has an impermissible relationship with an ERISA plan or conflicts
with ERISA's civil enforcement scheme. Insurance bad faith seeks
general and punitive damages, which are not available under
ERISA. Further, insurance bad faith has its roots in general
contract law and is therefore not aimed directly at entities
engaged in the insurance business. [<u>Id.</u> at 17-18.] Although
Count I relies on several Hawai`i statutes, they are either
irrelevant or are not directed specifically at entities in the
insurance business. In addition, Plaintiffs' Chapter 480 claim
is completely preempted because Chapter 480 is not directed at
entities in the insurance business, and it provides for remedies
not allowed under ERISA. Plaintiffs' tort and breach of contract
claims are also preempted because tort and contract law provide
for remedies not allowed under ERISA. [<u>Id.</u> at 19-20.] Finally,
Defendants argue that Plaintiffs' Complaint does not rely on the
HPHCA. Moreover, the HPHCA does not provide for a private right
of enforcement, and the Hawai`i Supreme Court has held that the
HPHCA does not prevent the application of ERISA preemption. [<u>Id.</u>
at 21 (citing <u>Garcia v. Kaiser Foundation Hospitals</u>, 90 Hawai`i

425, 433, 978 P.2d 863, 871 (1999)).]

Defendants therefore urge the Court to deny the Motion.

**III. <u>Reply</u>**

In their reply, Plaintiffs argue that their claims do not have a connection with or a reference to an ERISA plan. They emphasize that their claims do not require an interpretation of the Plan, nor do their claims seek payment or reinstatement of benefits. Plaintiffs assert that an award of damages will not affect Plaintiffs' relationship with the Plan.

Plaintiffs further argue that <u>Davila</u> does not apply because Defendants owed Plaintiffs a duty of to provide a benefit plan mandated by Hawai`i law. The cancellation of the Plan violated a duty independent of ERISA. Further, insofar as Plaintiffs seek monetary damages that are unavailable under ERISA, ERISA does not preempt their claims. [Reply at 6.]

<u>STANDARD</u>

Defendants removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1446. [Notice of Removal at 3-4.] Section 1441(a) provides, in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> . . . .

10

(c) Joinder of Federal law claims and State
law claims.--(1) If a civil action includes--

> (A) a claim arising under the
> Constitution, laws, or treaties of the
> United States (within the meaning of
> section 1331 of this title), and

> (B) a claim not within the original
> or supplemental jurisdiction of the
> district court or a claim that has been
> made nonremovable by statute, the entire
> action may be removed if the action
> would be removable without the inclusion
> of the claim described in subparagraph
> (B).

> (2) Upon removal of an action described
> in paragraph (1), the district court shall
> sever from the action all claims described in
> paragraph (1)(B) and shall remand the severed
> claims to the State court from which the
> action was removed.  Only defendants against
> whom a claim described in paragraph (1)(A)
> has been asserted are required to join in or
> consent to the removal under paragraph (1).

28 U.S.C. § 1441.  Section 1441 is strictly construed against

removal and courts resolve any doubts about the propriety of

removal in favor of remanding the case to state court.  See

Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir.

2006).  The party seeking to remove the case bears the burden of

establishing the existence of federal jurisdiction.  See

California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838

(9th Cir. 2004).

## DISCUSSION

Plaintiffs' Complaint does not expressly allege any

federal claims.  Generally, the well-pleaded complaint rule would

preclude federal jurisdiction such a case.

> Federal courts have original jurisdiction over
> "all civil actions arising under the Constitution,
> laws, or treaties of the United States." 28
> U.S.C. § 1331. "For a case to 'arise under'
> federal law, a plaintiff's well-pleaded complaint
> must establish either (1) that federal law creates
> the cause of action or (2) that the plaintiff's
> asserted right to relief depends on the resolution
> of a substantial question of federal law."
> Peabody Coal [Co. v. Navajo Nation], 373 F.3d
> [945,] 949 [(9th Cir. 2004)] (citing Franchise Tax
> Bd. v. Constr. Laborers Vacation Trust, 463 U.S.
> 1, 27–28, 103 S. Ct. 2841, 77 L. Ed. 2d 420
> (1983)). Federal jurisdiction cannot hinge upon
> defenses or counterclaims, whether actual or
> anticipated. Vaden v. Discover Bank, 556 U.S. 49,
> 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th

Cir. 2011). "One exception to the statutory 'well-pleaded

complaint' rule is when Congress 'so completely pre-empt[s] a

particular area that any civil complaint raising this select

group of claims is necessarily federal in character.'" Proctor

v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir.

2009) (some citations omitted) (quoting Metro. Life Ins. Co. v.

Taylor, 481 U.S. 58, 63–64, 107 S. Ct. 1542 (1987)).

Defendants assert that there is federal question

jurisdiction over the instant case because ERISA preempts all of

Plaintiffs' claims. The Ninth Circuit has stated:

> "There are two strands of ERISA preemption:
> (1) 'express' preemption under ERISA § 514(a), 29
> U.S.C. § 1144(a); and (2) preemption due to a
> 'conflict' with ERISA's exclusive remedial scheme
> set forth in [ERISA § 502(a),] 29 U.S.C.
> § 1132(a)." Paulsen v. CNF Inc., 559 F.3d 1061,

12

1081 (9th Cir. 2009) (citing Cleghorn v. Blue
Shield of Cal., 408 F.3d 1222, 1225 (9th Cir.
2005)), *cert. denied*, --- U.S. ----, 130 S. Ct.
1053, 175 L. Ed. 2d 882 (2010). [The federal
Health Insurance Portability and Accountability
Act ("HIPAA")] contains an additional express
preemption provision relevant here: ERISA
§ 731(a), 29 U.S.C. § 1191(a), which is described
in greater detail below.

All of these preemption provisions defeat
state-law causes of action on the merits. See,
e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41,
57, 107 S. Ct. 1549, 95 L. Ed. 2d 39 (1987)
(§ 514(a) preemption); Cleghorn, 408 F.3d at 1227
(§ 502(a) preemption). Conflict preemption under
ERISA § 502(a), however, also confers federal
subject matter jurisdiction for claims that
nominally arise under state law. See, e.g., Marin
Gen. [Hosp. v. Modesto & Empire Traction Co.], 581
F.3d [941,] 945 [(9th Cir. 2009)]. Ordinarily,
federal question jurisdiction does not lie where a
defendant contends that a state-law claim is
preempted by federal law. Aetna Health Inc. v.
Davila, 542 U.S. 200, 207, 124 S. Ct. 2488, 159 L.
Ed. 2d 312 (2004); Marin Gen., 581 F.3d at 945.
But state-law claims may be removed to federal
court if the "complete preemption" doctrine
applies. Marin Gen., 581 F.3d at 945; see also
Davila, 542 U.S. at 207–08, 124 S. Ct. 2488.
Relevant to this case, ERISA § 502(a) "'set[s]
forth a comprehensive civil enforcement scheme'"
that completely preempts state-law "'causes of
action within the scope of th[es]e civil
enforcement provisions. . . .'" Davila, 542 U.S.
at 208–09, 124 S. Ct. 2488 (quoting Metro. Life,
481 U.S. at 66, 107 S. Ct. 1542; Pilot Life, 481
U.S. at 54, 107 S. Ct. 1549); see also Marin Gen.,
581 F.3d at 945.

Following Davila, we have distilled a
two-part test for determining whether a state-law
claim is completely preempted by ERISA § 502(a):
"a state-law cause of action is completely
preempted if (1) 'an individual, at some point in
time, could have brought the claim under ERISA
§ 502(a)(1)(B),' and (2) 'where there is no other
independent legal duty that is implicated by a

defendant's actions.'" Marin Gen., 581 F.3d at
946 (alteration omitted) (quoting Davila, 542 U.S.
at 210, 124 S. Ct. 2488). Because this "two-prong
test . . . is in the conjunctive[,] [a] state-law
cause of action is preempted by § 502(a)(1)(B)
only if both prongs of the test are satisfied."
Id. at 947; see also Montefiore Med. Ctr. v.
Teamsters Local 272, 642 F.3d 321, 328 (2d Cir.
2011) (noting that Davila test is conjunctive).
Both Davila and Marin General Hospital discussed
complete preemption by reference to § 502(a)(1)(B)
but not the other subparts of § 502(a). The
complete preemption doctrine applies to the other
subparts of § 502(a) as well. See Metro. Life,
481 U.S. at 66, 107 S. Ct. 1542 ("Congress has
clearly manifested an intent to make causes of
action within the scope of the civil enforcement
provisions of § 502(a) removable to federal
court."); Sorosky v. Burroughs Corp., 826 F.2d
794, 799 (9th Cir. 1987) (holding that complete
preemption "is applicable to the section 502(a)(3)
claims alleged in this case").

    Express preemption under ERISA § 514 is also
governed in relevant part by a two-prong test.
Under § 514(a), ERISA broadly preempts "any and
all State laws insofar as they may now or
hereafter relate to any [covered] employee benefit
plan . . . ." 29 U.S.C. § 1144(a). But this
broad preemption provision is tempered by a
savings clause in § 514(b), which spares "any law
of any State which regulates insurance, banking,
or securities." Id. § 1144(b)(2)(A). "To fall
under the savings clause, a regulation must
satisfy a two-part test laid out in Kentucky Ass'n
of Health Plans, Inc. v. Miller, 538 U.S. 329,
342, 123 S. Ct. 1471, 155 L. Ed. 2d 468 (2003)."
Standard Ins. Co. v. Morrison, 584 F.3d 837, 842
(9th Cir. 2009), cert. denied, --- U.S. ----, 130
S. Ct. 3275, 176 L. Ed. 2d 1182 (2010). "'First,
the state law must be specifically directed toward
entities engaged in insurance.'" Id. (quoting Ky.
Ass'n of Health Plans, 538 U.S. at 342, 123 S. Ct.
1471). Second, "it 'must substantially affect the
risk pooling arrangement between the insurer and
the insured.'" Id. (quoting Ky. Ass'n of Health
Plans, 538 U.S. at 342, 123 S. Ct. 1471).

In addition to these generally applicable preemption provisions, ERISA also contains a HIPAA-specific preemption clause.  Under that clause, federal HIPAA does not "supersede any provision of State law which establishes, implements, or continues in effect any standard or requirement solely relating to health insurance issuers in connection with group health insurance coverage except to the extent that such standard or requirement prevents the application of a requirement of" federal HIPAA.  29 U.S.C. § 1191(a)(1).  The provision's plain terms appear to permit "state laws that are, generally speaking, more favorable to the insured."  <u>Plumb v. Fluid Pump Serv., Inc.</u>, 124 F.3d 849, 862 n.10 (7th Cir. 1997) (dictum); <u>accord</u> H.R. Rep. No. 104-736, at 205 (1996), 1996 U.S.C.C.A.N. 1990, 2018 (Conf. Rep.) (noting that HIPAA's drafters "intend the narrowest preemption," and to allow "[s]tate laws which are broader than federal requirements").

<u>Fossen v. Blue Cross & Blue Shield of Mont., Inc.</u>, 660 F.3d 1102, 1107-08 (9th Cir. 2011) (footnotes omitted) (some alterations in <u>Fossen</u>).

## II.  **Express Preemption**

The Court will first address Defendants' argument that ERISA expressly preempts Plaintiffs' claims.  ERISA § 514 (29 U.S.C. § 1144), governs express preemption.  It states, in pertinent part:

(a) Supersedure; effective date

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.  This section shall take effect on January 1, 1975.

(b) Construction and application

. . . .

(2)(A) Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

(B) Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

. . . .

(5)(A) Except as provided in subparagraph (B), subsection (a) of this section shall not apply to the Hawaii Prepaid Health Care Act (Haw. Rev. Stat. §§ 393-1 through 393-51).

(B) Nothing in subparagraph (A) shall be construed to exempt from subsection (a) of this section--

(i) any State tax law relating to employee benefit plans, or

(ii) any amendment of the Hawaii Prepaid Health Care Act enacted after September 2, 1974, to the extent it provides for more than the effective administration of such Act as in effect on such date.

> (C) Notwithstanding subparagraph (A),
> parts 1 and 4 of this subtitle, and the
> preceding sections of this part to the
> extent they govern matters which are
> governed by the provisions of such parts
> 1 and 4, shall supersede the Hawaii
> Prepaid Health Care Act (as in effect on
> or after January 14, 1983), but the
> Secretary may enter into cooperative
> arrangements under this paragraph and
> section 1136 of this title with
> officials of the State of Hawaii to
> assist them in effectuating the policies
> of provisions of such Act which are
> superseded by such parts 1 and 4 and the
> preceding sections of this part.
>
>     . . . .
>
> Pursuant to § 1144,
>
>      A state law claim is preempted by ERISA if it
> has a "connection with" or a "reference to" an
> ERISA-governed benefit plan.  Metro. Life Ins. Co.
> v. Massachusetts, 471 U.S. 724, 739, 105 S. Ct.
> 2380, 85 L. Ed. 2d 728 (1985).  Stated another
> way, where "the existence of [an ERISA] plan is a
> critical factor in establishing liability" under a
> state cause of action, the state law claim is
> preempted.  See Ingersoll-Rand Co. [v. McClendon],
> 498 U.S. [133,] 136, 139-40, 111 S. Ct. 478[, 112
> L. Ed. 2d 474 (1990)] (holding state tort and
> contract claims were preempted under ERISA,
> although no ERISA cause of action was pleaded,
> because the essence of the wrongful-discharge suit
> was that the employer had discharged the plaintiff
> to avoid paying ERISA benefits).  ERISA's
> preemption provision functions "even when the
> state action purport[s] to authorize a remedy
> unavailable under the federal provision."  Id. at
> 144, 111 S. Ct. 478 (quoting Pilot Life Ins. Co.
> v. Dedeaux, 481 U.S. 41, 55, 107 S. Ct. 1549, 95
> L. Ed. 2d 39 (1987)).

Wise v. Verizon Commc'ns, Inc., 600 F.3d 1180, 1190-91 (9th Cir.

2010) (some alterations in Wise).

All of Plaintiffs' claims necessarily reference an ERISA-governed plan. Plaintiffs' claims challenge either whether Defendants were entitled to cancel her Plan or the manner in which they canceled the Plan. In <u>Wise</u>, the Ninth Circuit affirmed the dismissal of the plaintiff's state law claims against her employer, stating:

> Wise's state law claims are preempted because her complaint necessarily references an ERISA plan. The state law theories of fraud, misrepresentation, and negligence all depend on the existence of an ERISA-covered plan to demonstrate that Wise suffered damages: the loss of insurance benefits. Because Wise must allege the existence of an ERISA plan to state her claims under Washington law, the claims are preempted. . . .

<u>Id.</u> at 1191. Similarly, in the instant case, Plaintiff's claims alleging insurance bad faith, Chapter 480 violations, breach of fiduciary duty, breach of contract, negligent misrepresentation, and vicarious liability allege that Plaintiffs suffered damages based upon Clareen Poffenbarger's loss of insurance benefits that she had under the ERISA-governed Plan. The section of the Complaint titled "DAMAGES" states, in pertinent part:

> 82. As a direct and proximate result of Defendants' wrongful conduct, acts, and/or omissions, Plaintiffs are financially responsible for all outstanding medical expenses incurred for Plaintiff Clareen's necessary treatment.

> 83. As a direct and proximate result of Defendants' wrongful conduct, acts, and/or omissions, Plaintiffs will be financially responsible for all future medical expenses incurred for Plaintiff Clareen's necessary

18

continued treatment.

>84. As a direct and proximate result of
>Defendants' wrongful conduct, acts, and/or
>omissions, Plaintiffs have suffered economic harm
>and will continue to suffer economic harm.

[Complaint at pg. 12.] Further, although Plaintiffs' NIED claims do not allege damages based on the loss of insurance benefits, Plaintiffs must still allege the existence of the ERISA-governed Plan to state their NIED claims. To the extent that all of these claims seek monetary damages, they seek relief that is not available under the ERISA enforcement scheme. Moreover, all of Plaintiffs' claims are premised upon the allegedly wrongful rescission of the Plan, which was based on Clareen Poffenbarger's allegedly false representations on her Enrollment Application. The Ninth Circuit has recognized that "ERISA must provide a rescission remedy when an insured makes material false representations regarding his health." <u>Sec. Life Ins. Co. of Am. v. Meyling</u>, 146 F.3d 1184, 1191 (9th Cir. 1998) (per curiam).

The Court also concludes that none of Plaintiffs' claims are subject to the savings clause, "which spares 'any law of any State which regulates insurance, banking, or securities.'" <u>Fossen</u>, 660 F.3d at 1108 (quoting § 1144(b)(2)(A)). Neither the Hawai`i common law governing bad faith, fiduciary duty, contract, misrepresentation, NIED, and vicarious liability nor Haw. Rev. Stat. Chapter 480 are specifically directed toward entities engaged in insurance. Further, although Plaintiffs' claims rely

19

on generally applicable common law and statutes, the Ninth
Circuit has held that such claims are preempted because they are
based upon interference with the attainment of benefits.  See,
e.g., Bast v. Prudential Ins. Co. of Am., 150 F.3d 1003, 1008
(9th Cir. 1998) (noting that "notwithstanding ERISA's savings
clause, we have held that insurance bad faith claims are
preempted by ERISA" and holding that the plaintiffs' state law
claims "arise out of Prudential's actions as the benefit plan
administrator, not as an insurance company or insurance
provider");[4] Tingey v. Pixley-Richards W., Inc., 953 F.2d 1124,
1133 (9th Cir. 1992) (holding that an Arizona tort claim alleging
that the insurance company acted in bad faith and breached the
duty of good faith and fair dealing is "flatly preempted by"
Pilot Life, 481 U.S. 41, and it "'arises from a breach of [a]
duty . . . implicit in all contracts'" (alterations in Tingey)
(quoting Clearwater v. State Farm Mut. Auto Ins. Co., 164 Ariz.
256, 792 P.2d 719, 721 (1990))).

_____

[4] In Bast, the plaintiffs' complaint "alleged causes of
action for breach of contract, loss of consortium, loss of
income, emotional distress, breach of the duty of good faith and
fair dealing, violation of the Washington Consumer Protection Act
and the Washington Insurance Code, and ERISA."  150 F.3d at 1006.
The Ninth Circuit affirmed the district court's order granting
summary judgment to the insurance company and dismissing the
complaint with prejudice.  The Ninth Circuit held, *inter alia*,
that all of the state law claims were preempted by ERISA.  Id. at
1006, 1011.

It would thus appear that § 1144(a) would expressly preempt all of Plaintiffs' claims because their Complaint necessarily references an ERISA plan. See Wise, 600 F.3d at 1191. ERISA's general preemption pursuant to § 1144(a), however, does not apply to the HPHCA. § 1144(b)(5)(A). Section § 1144(b)(5)(C) contains a further exception to the "Hawaii exception to the ERISA preemption[.]" Snider v. Crimson Enters., Inc., 768 F. Supp. 734, 739 (D. Hawai`i 1991); see also infra page 17 (quoting § 1144(b)(5)(C)). Section 1144 is part of Subtitle B, which addresses "Regulatory Provisions". Part 1 of Subtitle B addresses "Reporting and Disclosure", and Part 4 addresses "Fiduciary Responsibility". Thus, irrespective of the HPHCA, ERISA preemption still applies to claims regarding the reporting and disclosure duties and the fiduciary responsibilities imposed by ERISA.

Plaintiffs' Count II (violations of Chapter 480) alleges, in pertinent part:

> HMAA failed to disclose and/or concealed important material information from consumers, including Plaintiffs, including but not limited to the following:
>
> a.  That once an application was submitted and approved by HMAA, a paid healthcare coverage policy could be rescinded after a six month period.
>
> b.  That payment could be refused for treatment that was previously authorized by HMAA.

      c.    That the appeal process provided by HMAA
             was futile and biased in that the
             rescission of a policy could not be
             challenged.

[Complaint at ¶ 46.] Part 1 of Subtitle B requires that the administrator of an employee benefit plan furnish a summary plan description to covered participants and each beneficiary receiving benefits under the plan. 29 U.S.C. § 1021(a)(1). A summary plan description must include information about, *inter alia*, "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits[.]" 29 U.S.C. § 1022(b). Thus, Count II alleges the failure to disclose information about the Plan which ERISA requires the plan administrator to disclose to participants and beneficiaries receiving benefits.

     Plaintiffs' Count III (breach of fiduciary duty) alleges, *inter alia*:

    56.  HMAA owed Plaintiff Clareen a duty of
loyalty and a duty of care commensurate with their
relationship. HMAA encouraged Plaintiff to trust
it and to maintain health insurance under the HMAA
plan and to continue paying premiums.

    57.  HMAA breached its fiduciary duty to
Plaintiff Clareen by concealing and otherwise
failing to disclose material information to her,
by placing the financial interests of HMAA above
her interests and by failing to exercise due care
in the administration and management of the HMAA
health care plan including the actions of its
agent, HWMG.

[Complaint at pg. 9.] Part 4 of Subtitle B provides, in

pertinent part:

> (a) Prudent man standard of care
>
>> (1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and–
>>
>>> (A) for the exclusive purpose of:
>>>
>>>> (i) providing benefits to participants and their beneficiaries; and
>>>>
>>>> (ii) defraying reasonable expenses of administering the plan;
>>>
>>> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims[.]
>
> . . . .

29 U.S.C. § 1104(a)(1). Thus, Count III alleges breaches of fiduciary duties that are governed by ERISA.

This Court concludes, for purposes of the instant Motion only, that some of the allegations in Count II and Count III of the Complaint are expressly preempted by ERISA pursuant to 29 U.S.C. § 1144(a) and are not subject to the exemption for the HPHCA.[5] This Court therefore CONCLUDES, for purposes of the instant Motion only, that those claims are necessarily federal in

_____

[5] In light of this Court's ruling on express preemption, this Court need not address whether conflict preemption applies.

23

nature and that Defendants' removal of the action based on federal question jurisdiction was proper. This Court emphasizes that the rulings in the instant Order are solely for the purpose of determining whether the Court has jurisdiction over the action. This Court expresses no opinion at this time on the issue whether Count II and Count III, or any of Plaintiffs' other claims, should be dismissed based on ERISA preemption.

<strong><u>CONCLUSION</u></strong>

On the basis of the foregoing, Plaintiffs' Motion to Remand to State Court, filed April 27, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 31, 2012.



     /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**<u>ROBERT POFFENBARGER, ET AL. V. HAWAII MANAGEMENT ALLIANCE ASSOCIATION, ET AL</u>; CIVIL NO. 12-00172 LEK; ORDER DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT**